1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10    VIDAL McGEE,                             No. C 10-0140 WHA (PR)

11             Plaintiff,                      **SECOND ORDER OF SERVICE**

12    v.

13    CORRECTIONAL OFFICER BEERS;
      APPEALS COORDINATOR NOLA
14    GRANNIS; WARDEN ROBERT
      HOREL,
15
                Defendants.
16    _____/

17
             On January 11, 2010, plaintiff, a California prisoner proceeding pro se, filed the above-
18
      titled civil rights action under 42 U.S.C. 1983.  On January 28, 2010, the claims against
19
      defendants Nola Grannis and Warden Robert Horel were dismissed.  An attempt to serve the
20
      remaining defendant Beers by the United States Marshal was unsuccessful because plaintiff had
21
      not provided sufficient information to identify him, such as his first or middle name or initial or
22
      his badge number.  On April 15, 2010, plaintiff was ordered to serve defendant Beers or to
23
      supply further identifying information for him so that he could be served by the Marshal.
24
      Plaintiff has notified the court that prison officials denied his request for Beers's badge number,
25
      but plaintiff has supplied Beers's first initial.  Accordingly, it is hereby ordered as follows:
26
             1.  The clerk shall issue summons and the United States Marshal shall serve, without
27
      prepayment of fees, a copy of the complaint in this matter, the January 28, 2010 Order of
28
      Service, and a copy of this order upon defendant Correctional Officer T. BEERS at Pelican Bay

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  State Prison.  A courtesy copy of the complaint and this order shall also be mailed to the

2  California Attorney General's Office.

3      2.  In order to expedite the resolution of this case:

4          a.  No later than ninety days from the date this order is filed, defendants shall file

5  a motion for summary judgment or other dispositive motion.  If defendants are of the opinion

6  that this case cannot be resolved by summary judgment, they shall so inform the court prior to

7  the date the summary judgment motion is due.  All papers filed with the court shall be promptly

8  served on the plaintiff.

9          b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

10  court and served upon defendants no later than thirty days from the date of service of the

11  motion.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

12  provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),

13  and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

14      If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to

15  exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

16  should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

17  which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.),

18  *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

19          c.  Defendants **shall** file a reply brief no later than fifteen days after the date of

20  service of the opposition.

21          d.  The motion shall be deemed submitted as of the date the reply brief is due.

22  No hearing will be held on the motion unless the court so orders at a later date.

23      3.  All communications by the plaintiff with the court must be served on defendant, or

24  defendant's counsel once counsel has been designated, by mailing a true copy of the document

25  to defendant or defendant's counsel.

26      4.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

27  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

28  required before the parties may conduct discovery.

2

5.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June __14__, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

G:\PRO-SE\WHA\CR.10\MCGEE0140.SRV2.wpd

3

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE -- WARNING**

**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING**

**(EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

4
