1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VIDAL McGEE,

        Plaintiff,

  v.

CORRECTIONAL OFFICER BEERS;
APPEALS COORDINATOR NOLA
GRANNIS; WARDEN ROBERT
HOREL,

        Defendants.

————————————————/

No. C 10-0140 WHA (PR)

**ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT**

### INTRODUCTION

Plaintiff, a parolee formerly incarcerated at Pelican Bay State Prison ("PBSP"), filed a
civil rights complaint under 42 U.S.C. 1983 against defendants Correctional Officer Beers,
Appeals Coordinator Nola Grannis, and Warden Robert Horel.  His claims against defendants
Horel and Grannis were dismissed, but his claim that defendant Beers was deliberately
indifferent to his safety at PBSP, in violation of the Eighth Amendment, was found
cognizable when liberally construed.  Beers has moved for summary judgment on the
ground that there are no material facts in dispute and that he is entitled to judgment as a
matter of law.  Plaintiff was cautioned that his failure to file an opposition could lead to
judgment being granted against him, but he has not done so.  For the reasons set out
below, Beers's motion for summary judgment is GRANTED.

### STATEMENT

Plaintiff states in his complaint that upon his arrival at PBSP, he informed defendant
Correctional Officer Beers that he needed to be housed in a lower bunk because he suffered

1   from seizures.  Beers denied the request because, while plaintiff had a medical "chrono"

2   authorizing such placement from the prison where he had previously been housed, he did not

3   have such a chrono from PBSP.  Approximately two weeks later, plaintiff had a seizure, fell off

4   of his top bunk, and suffered injuries on his head and neck when he hit the floor.

**ANALYSIS**

6   A.   STANDARD OF REVIEW

7        Summary judgment is proper where the pleadings, discovery and affidavits show that

8   there is "no genuine issue as to any material fact and that the moving party is entitled to

9   judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect

10  the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute

11  as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

12  verdict for the nonmoving party.

13       The moving party for summary judgment bears the initial burden of identifying those

14  portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

15  issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  When the moving

16  party has met this burden of production, the nonmoving party must go beyond the pleadings

17  and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine

18  issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue

19  of material fact, the moving party wins.  *Ibid.*

20  B.   ANALYSIS

21       The motion for summary judgment is unopposed.  A district court may not grant a

22  motion for summary judgment solely because the opposing party has failed to file an

23  opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed

24  motion may be granted only after court determines that there are no material issues of fact).

25  The court may, however, grant an unopposed motion for summary judgment if the movant's

26  papers are themselves sufficient to support the motion and do not on their face reveal a genuine

27  issue of material fact.  *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  As the

28  complaint is verified, plaintiff's factual statements contained therein are considered in

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1    opposition to defendant's motion to the extent they set forth admissible evidence and are based

2    upon his own personal knowledge. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11

3    (9th Cir. 1995).

4           The papers filed in support of the motion for summary judgment show that Officer

5    Beers was not deliberately indifferent to plaintiff's safety in violation of the Eighth

6    Amendment. The Eighth Amendment requires that prison officials take reasonable measures to

7    guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of

8    prison officials to protect inmates from dangerous conditions at the prison violates the Eighth

9    Amendment only when two requirements are met: (1) the deprivation alleged is, objectively,

10   sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate

11   safety. *Id.* at 834. A prison official is deliberately indifferent if she knows that a prisoner faces

12   a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

13   abate it. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate

14   indifference. *Id.* at 835-36 & n.4.

15          Defendant Beers has presented declarations by himself, another PBSP employee named

16   Lieutenant Diggle who investigated plaintiff's administrative complaint against defendant

17   Beers, the records from that investigation and other prison records from plaintiff's central file.

18   Plaintiff arrived at PBSP on November 27, 2007, and he was assigned to a cell with another

19   inmate who was occupying the lower bunk in the unit where Beers worked as a guard (Diggle

20   Decl. Ex. A at 1; Compl. 3(a); Beers Decl. ¶ 5). Plaintiff told Beers that he suffered from

21   seizures and that he wanted a lower bunk, which he had had in his prior prison (Beers Decl. ¶

22   5). Beers does not have authority to assign prisoners to lower bunks, and so he contacted prison

23   medical officials who had such authority and learned that plaintiff had not been assigned a

24   lower bunk (*ibid.*). Beers informed plaintiff that in order to get a lower bunk he needed medical

25   officials to order assign him one based on his medical condition, and Beers gave plaintiff the

26   form for obtaining such an assignment (*ibid.*). He did so on the same day or the day after

27   plaintiff requested a lower bunk (*ibid.*). On December 7, 2007, PBSP medical staff assigned

28   plaintiff to a lower bunk (Kenny Decl. Ex. B). On December 11, plaintiff told a nurse that he

United States District Court

For the Northern District of California

1    had a seizure while climbing out of the top bunk and fell to the ground, and plaintiff's cellmate

2    told an officer that it happened while plaintiff was sitting on a toilet (Kenny Decl. Ex. B; Diggle

3    Decl. Ex. A).  Plaintiff later told medical staff who treated him at an outside hospital that he had

4    skipped his seizure medication for a couple of days prior to the seizure (Kenny Decl. Ex. B).

5            Defendant's evidence establishes that Beers did not disregard an excessive risk to

6    plaintiff's safety.  To begin with, Beers did not have the authority to assign plaintiff a lower

7    bunk.  When plaintiff asked him for the assignment, Beers promptly inquired whether medical

8    staff had assigned a lower bunk, and provided plaintiff with the form and instructions for

9    requesting such an assignment.   The evidence furthermore shows that plaintiff actually

10   received an assignment to a lower bunk four days prior to his injury.  If plaintiff was still using

11   an upper bunk after he had been assigned a lower bunk, there is no evidence that this was

12   Beers's fault.  Nor was it Beers's fault that plaintiff stopped taking his seizure medication prior

13   to having a seizure and falling.  The factual allegations in the verified complaint do not

14   materially contradict defendant's evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 &

15   nn.10-11 (9th Cir. 1995) (factual allegations that are admissible and based upon plaintiff's

16   personal knowledge in verified complaint can be considered as affidavit opposing summary

17   judgment), and, as noted, plaintiff filed no opposition to defendant's motion.  Because the

18   uncontradicted evidence presented by Beers demonstrates that he was not deliberately

19   indifferent to plaintiff's safety needs, he is entitled to summary judgment on plaintiff's claims. .

                                            **CONCLUSION**

21           The motion for summary judgment (document number 38 on the docket) is **GRANTED**.

22   The clerk shall enter judgment and close the file.

23           **IT IS SO ORDERED.**

24

     Dated: February __14__, 2012.

25                                           _____
                                            WILLIAM ALSUP
26                                          UNITED STATES DISTRICT JUDGE

27

28   G:\PRO-SE\WHA\CR.10\MCGEE0140.MSJ.wpd

                                                  4