IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDAL McGEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CORRECTIONAL OFFICER BEERS;<br>APPEALS COORDINATOR NOLA<br>GRANNIS; WARDEN ROBERT<br>HOREL,<br><br>　　　　Defendants.　　　　　　　／ | No. C 10-0140 WHA (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff, a parolee formerly incarcerated at Pelican Bay State Prison ("PBSP"), filed a civil rights complaint under 42 U.S.C. 1983 against defendants Correctional Officer Beers, Appeals Coordinator Nola Grannis, and Warden Robert Horel. His claims against defendants Horel and Grannis were dismissed, but his claim that defendant Beers was deliberately indifferent to his safety at PBSP, in violation of the Eighth Amendment, was found cognizable when liberally construed. Beers has moved for summary judgment on the ground that there are no material facts in dispute and that he is entitled to judgment as a matter of law. Plaintiff was cautioned that his failure to file an opposition could lead to judgment being granted against him, but he has not done so. For the reasons set out below, Beers's motion for summary judgment is **GRANTED**.

## STATEMENT

Plaintiff states in his complaint that upon his arrival at PBSP, he informed defendant Correctional Officer Beers that he needed to be housed in a lower bunk because he suffered

1  from seizures.  Beers denied the request because, while plaintiff had a medical "chrono"
2  authorizing such placement from the prison where he had previously been housed, he did not
3  have such a chrono from PBSP.  Approximately two weeks later, plaintiff had a seizure, fell off
4  of his top bunk, and suffered injuries on his head and neck when he hit the floor.

**ANALYSIS**

A.  STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid.*

B.  ANALYSIS

The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  As the complaint is verified, plaintiff's factual statements contained therein are considered in

1  opposition to defendant's motion to the extent they set forth admissible evidence and are based
2  upon his own personal knowledge. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11
3  (9th Cir. 1995).

4  The papers filed in support of the motion for summary judgment show that Officer
5  Beers was not deliberately indifferent to plaintiff's safety in violation of the Eighth
6  Amendment. The Eighth Amendment requires that prison officials take reasonable measures to
7  guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The failure of
8  prison officials to protect inmates from dangerous conditions at the prison violates the Eighth
9  Amendment only when two requirements are met: (1) the deprivation alleged is, objectively,
10 sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate
11 safety. *Id.* at 834. A prison official is deliberately indifferent if she knows that a prisoner faces
12 a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to
13 abate it. *Id.* at 837. Neither negligence nor gross negligence will constitute deliberate
14 indifference. *Id.* at 835-36 & n.4.

15 Defendant Beers has presented declarations by himself, another PBSP employee named
16 Lieutenant Diggle who investigated plaintiff's administrative complaint against defendant
17 Beers, the records from that investigation and other prison records from plaintiff's central file.
18 Plaintiff arrived at PBSP on November 27, 2007, and he was assigned to a cell with another
19 inmate who was occupying the lower bunk in the unit where Beers worked as a guard (Diggle
20 Decl. Ex. A at 1; Compl. 3(a); Beers Decl. ¶ 5). Plaintiff told Beers that he suffered from
21 seizures and that he wanted a lower bunk, which he had had in his prior prison (Beers Decl. ¶
22 5). Beers does not have authority to assign prisoners to lower bunks, and so he contacted prison
23 medical officials who had such authority and learned that plaintiff had not been assigned a
24 lower bunk (*ibid.*). Beers informed plaintiff that in order to get a lower bunk he needed medical
25 officials to order assign him one based on his medical condition, and Beers gave plaintiff the
26 form for obtaining such an assignment (*ibid.*). He did so on the same day or the day after
27 plaintiff requested a lower bunk (*ibid.*). On December 7, 2007, PBSP medical staff assigned
28 plaintiff to a lower bunk (Kenny Decl. Ex. B). On December 11, plaintiff told a nurse that he

3

had a seizure while climbing out of the top bunk and fell to the ground, and plaintiff's cellmate told an officer that it happened while plaintiff was sitting on a toilet (Kenny Decl. Ex. B; Diggle Decl. Ex. A). Plaintiff later told medical staff who treated him at an outside hospital that he had skipped his seizure medication for a couple of days prior to the seizure (Kenny Decl. Ex. B).

Defendant's evidence establishes that Beers did not disregard an excessive risk to plaintiff's safety. To begin with, Beers did not have the authority to assign plaintiff a lower bunk. When plaintiff asked him for the assignment, Beers promptly inquired whether medical staff had assigned a lower bunk, and provided plaintiff with the form and instructions for requesting such an assignment. The evidence furthermore shows that plaintiff actually received an assignment to a lower bunk four days prior to his injury. If plaintiff was still using an upper bunk after he had been assigned a lower bunk, there is no evidence that this was Beers's fault. Nor was it Beers's fault that plaintiff stopped taking his seizure medication prior to having a seizure and falling. The factual allegations in the verified complaint do not materially contradict defendant's evidence, *see Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (factual allegations that are admissible and based upon plaintiff's personal knowledge in verified complaint can be considered as affidavit opposing summary judgment), and, as noted, plaintiff filed no opposition to defendant's motion. Because the uncontradicted evidence presented by Beers demonstrates that he was not deliberately indifferent to plaintiff's safety needs, he is entitled to summary judgment on plaintiff's claims. .

**CONCLUSION**

The motion for summary judgment (document number 38 on the docket) is **GRANTED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February  14 , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.10\MCGEE0140.MSJ.wpd

4